■ MARTIN GRAY, as Administrator of the Estate of DIANA GRAY, Deceased, Appellant, v SOUTH NASSAU COMMUNITIES HOSPITAL, Appellant, et al., Defendant, and NORMA WENGER, Respondent. [666 NYS2d 27] —In an action to recover damages for medical malpractice, the plaintiff and the defendant South Nassau Communities Hospital separately appeal from an order of the Supreme Court, Nassau County (Davis, J.), dated March 7, 1997, which granted the motion of the defendant Norma Wenger for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the appeal by the defendant South Nassau Communities Hospital is dismissed (see, Nunez v Travelers Ins. Co., 139 AD2d 712; Hauser v North Rockland Cent. School Dist. No. 1, 166 AD2d 553); and it is further,

Ordered that, on the appeal of the plaintiff, the order is reversed, on the law, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant Norma Wenger; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the defendant Norma Wenger.

A proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, proffering sufficient evidence to demonstrate an absence of any material issues of fact (see, Alvarez v Prospect Hosp., 68 NY2d 320; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). Failure to proffer such evidence warrants denial of the motion regardless of the sufficiency of the opposing papers (see, Alvarez v Prospect Hosp., supra). Here, although the defendant Wenger proffered the affidavit of a medical expert, the affidavit was based, in part, on disputed or apparently incorrect facts and, therefore, failed to establish the absence of material issues of fact (see, Muscatello v City of New York, 215 AD2d 463). Accordingly, the defendant Wenger's motion for summary judgment should have been denied. O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.