(July 31, 2003)

■ BERNICE FRIEDMAN, Respondent, v CITY OF NEW YORK, Defendant, and ST. VINCENT'S HOSPITAL AND MEDICAL CENTER OF NEW YORK, Appellant. [762 NYS2d 389] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about October 29, 2002, which, insofar as appealed from, denied defendant-appellant's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, the motion granted, and defendant-appellant granted summary judgment on a search of the record pursuant to CPLR 3212 (b). The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Paramedics from defendant-appellant St. Vincent's Hospital and Medical Center of New York (St. Vincent's) responded to a medical emergency call placed on behalf of plaintiff's decedent, who complained of chest pains and shortness of breath while at his workplace. Before the decedent was transported to a hospital, the St. Vincent's team called for backup, which they later testified was needed for help in moving and stabilizing the patient, and an Emergency Medical Service (EMS) team of the City of New York responded to that call. The decedent expired shortly after arriving at the hospital. This action against St. Vincent's and the City ensued, in which plaintiff theorizes that her decedent's death was caused by the responding medical teams' alleged failure to supply him with sufficient oxygen. The IAS court denied motions for summary judgment by both defendants.

We reverse the denial of St. Vincent's summary judgment motion, and, on a search of the record, grant the City summary judgment as well, notwithstanding the City's failure to file a notice of appeal (*see Florman v City of New York,* 293 AD2d 120, 127 [2002]; *Chamberlain v City of New York,* 286 AD2d 232, 233-234 [2001], *lv denied* 97 NY2d 605 [2001]). The testimony of the paramedics, the affirmations of defendants' medical experts, and the relevant documentary evidence all established that decedent was provided with appropriate treat-

ment, including oxygen therapy. Plaintiff failed to rebut these submissions with admissible evidence sufficient to create a triable issue as to any departure from the applicable standards of paramedical practice that may have been a substantial factor in causing the decedent's death. Plaintiff's theory that the St. Vincent's team had not been equipped with sufficient supplies of oxygen, and therefore had failed to provide adequate oxygen therapy, rested entirely upon a statement in the affidavit of the decedent's coworker, who witnessed the incident, that, as the St. Vincent's team "was getting ready to take [the decedent] to the hospital, they began to run out of oxygen." This conjectural statement by a lay bystander, who identified no basis for his belief, is entirely without foundation and therefore does not constitute admissible evidence that there was actually a failure to supply the decedent with adequate oxygen (*see Grullon v City of New York*, 297 AD2d 261, 263-264 [2002]). As plaintiff does not offer competent evidence that any other alleged negligence by either defendant may have contributed to the causation of the decedent's death, the complaint should be dismissed. Concur—Buckley, P.J., Andrias, Sullivan, Lerner and Friedman, JJ.