(September 20, 2005)

■ ROBERT SEATON, Respondent, v BUDGET RENT A CAR CORPORATION et al., Appellants, et al., Defendants. [804 NYS2d 49]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered December 24, 2003, which, to the extent appealed from, denied the motion by defendant Budget Rent A Car Corporation (Budget) and the cross motion by defendant De Fu Shyu, sued herein as Fu De Shyu (Shyu), insofar as such applications sought summary judgment dismissing the complaint as against the moving and cross-moving defendants, unanimously reversed, on the law, without costs, the motion and cross motion granted to the extent of granting Budget and Shyu summary judgment dismissing the complaint as against them, on a search of the record, summary judgment also granted dismissing the complaint as against defendant Barrington Smith (Smith), and the remainder of the action severed for further proceedings. The Clerk is directed to enter judgment dismissing the complaint as against Budget, Smith and Shyu. Appeal from order, same court and Justice, entered on or about May 10, 2004, which, upon Budget's motion for renewal or reargument, adhered to the determination rendered in the aforesaid order entered December 24, 2003, unanimously dismissed, without costs, as academic, in view of the foregoing.

Budget and Shyu are entitled to summary judgment dismissing the complaint as against them. The uncontradicted deposition testimony of plaintiff and Shyu establishes that neither Shyu nor Smith, the driver of the vehicle owned by Budget, contributed to the causation of the collision between plaintiff's vehicle and the vehicle driven by decedent Vicano. It should be noted that Vicano's vehicle was the only one that came into contact with plaintiff's vehicle. On a search of the record, we also grant summary judgment dismissing the complaint as against Smith, for the same reason summary judgment is being granted to Budget. We further note that the record establishes that plaintiff has abandoned his cause of action against Smith by failing to take proceedings for the entry of a default judgment against Smith within one year after Smith's apparent default (see CPLR 3215 [c]). Concur—Buckley, P.J., Tom, Saxe, Friedman and Sweeny, JJ.