■ COLIN A. BREWSTER et al., Respondents, v FTM SERVO, CORP. et al., Defendants, and ANGEL HERNANDEZ, Appellant. [844 NYS2d 5]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered April 26, 2007, which denied the motion by defendant Hernandez (and the cross motion by the remaining defendants) for summary judgment dismissing the complaint with respect to plaintiff Colin Brewster on the ground that said plaintiff had not suffered a serious injury, unanimously reversed, on the law, without costs, and the motion granted, and, upon a search of the record, the cross motion granted as well. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Based on Brewster's admission at deposition of his involvement in another automobile accident prior to this one, and the unavailability of the medical records for that case, defendant Hernandez served a supplemental notice for discovery and inspection, requesting that Brewster provide written authorization allowing defendants to obtain the relevant records. When Brewster failed to comply with that demand and ensuing court directives, including a so-ordered stipulation, Hernandez moved for summary dismissal of Brewster's portion of the complaint for refusal to supply the court-ordered discovery, as well as the failure to demonstrate serious injury as defined by Insurance Law § 5102 (d).

CPLR 3126 authorizes sanctions against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed." "If the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity" (*Kihl v Pfeffer*, 94 NY2d 118, 123 [1999]). Brewster's unexplained noncompliance with a series of court-ordered disclosure mandates over a period of nearly two years sufficiently created an inference of willful and contumacious conduct (*see Santoli v 475 Ninth Ave. Assoc., LLC*, 38 AD3d 411, 415 [2007]; *Jones v Green*, 34 AD3d 260 [2006]). The persistent failure to submit medical records relating to Brewster's previous automobile accident warranted dismissal of his portion of the complaint, since such material was necessary to ascertain whether any of his purported injuries might have been caused by that earlier accident.

Aside from his failure to abide with court-mandated disclosure, Brewster conceded at his deposition that he had sustained injuries to his neck, back and shoulder in a prior automobile accident. Once a defendant has presented evidence of a preexisting injury, even in the form of an admission made at a deposition (*see Alexander v Garcia*, 40 AD3d 274 [2007]), it is incumbent upon the plaintiff to present proof to meet the defendant's asserted lack of causation (*see Baez v Rahamatali*, 6 NY3d 868 [2006]; *Pommells v Perez*, 4 NY3d 566, 574 [2005]). Brewster's submissions totally ignored the effect of his previous mishap on the purported symptoms caused by the latest accident. The fact that Hernandez's expert discerned some minor loss of motion in Brewster's lumbar spine is irrelevant where the objective tests performed by this physician were negative, and Brewster had testified to a preexisting injury in that part of his body (*see Style v Joseph*, 32 AD3d 212, 214 [2006]; *Montgomery v Pena*, 19 AD3d 288, 289-290 [2005]). Furthermore, not

only did Brewster testify that he returned to work only a week after the accident, but there is no indication of any daily activity he could not perform as a result of this accident.

Upon search of the record, summary judgment is also granted to defendants FTM Servo, Corp. and Hill against Brewster (*see Seaton v Budget Rent A Car Corp.*, 21 AD3d 792 [2005]) because the issue of serious injury is identical as it relates to all defendants, notwithstanding their failure to pursue an appeal (*see Friedman v City of New York*, 307 AD2d 227 [2003]). Concur—Mazzarelli, J.P., Saxe, Sullivan, Catterson and Kavanagh, JJ.