■ MICHAEL C. SUNG, Individually and as Father and Natural Guardian of JESSICA SUNG, an Infant, et al., Respondent, v CALLIOPE MIHALIOS et al., Appellants. [843 NYS2d 317]—

Order, Supreme Court, Bronx County (Patricia A. Williams, J.), entered January 16, 2007, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The IAS court properly denied defendant's motion for sum-

mary judgment because triable issues exist about whether each plaintiff sustained a serious injury as a result of the automobile accident between the parties (Insurance Law § 5102 [d]). The court properly considered plaintiffs' evidentiary submissions in opposition to the motion. The passing reference in the report of plaintiffs' expert to an unsubmitted physician report was not improper (*see Navedo v Jaime*, 32 AD3d 788, 789-790 [2006]), likely having no effect on the court's ruling, and the no-fault denial of benefits for medical treatment was not the only evidence submitted in opposition (*see Koren v Weihs*, 201 AD2d 268 [1994]). The detailed tests conducted by plaintiffs' expert were objective and he sufficiently set forth his opinion about the cause of plaintiffs' injuries while also ruling out other causes (*cf. Shinn v Catanzaro*, 1 AD3d 195, 198 [2003]). Any discrepancies between the assertions in the expert's affidavits and his office records raise credibility issues that may not be resolved on summary judgment. The one-year gap in plaintiffs' treatment was adequately explained by the expert's opinion that further treatment would be palliative (*see Pommells v Perez*, 4 NY3d 566, 577 [2005]).

We have considered and rejected appellants' remaining contentions. Concur—Saxe, J.P., Marlow, Williams, Sweeny and Malone, JJ.