■ NORMA C. PRESTOL, Respondent, v CAROL I. McKISSOCK et al., Defendants, and ANGEL M. CALVO, Appellant. [856 NYS2d 598]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered September 4, 2007, which denied defendant Calvo's motion (and the remaining defendants' cross motion) for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to grant the motion to the extent of dismissing plaintiff's claim that she sustained a medically determined injury of a nonpermanent nature that prevented her from performing substantially all of her usual and customary daily activities for 90 of the 180 days immediately following the accident, and, upon a search of the record, to grant the cross motion to the same extent, and otherwise affirmed, without costs.

The only evidence as to plaintiff's claim of injury in the 90/180 period is her own deposition testimony that she was confined to bed and home and unable to work for approximately two months, i.e., 60 days (*see Furrs v Griffith*, 43 AD3d 389 [2007]).

As to plaintiff's remaining claims, while defendants met their initial burden on their motions, in opposition, plaintiff raised a triable issue of fact through her treating chiropractor's affidavit, which reported objective medical findings of range of motion limitations contemporaneous with the accident and on recent examination and adequately explained the reason for the three-year gap in plaintiff's treatment (*see Sung v Mihalios*, 44 AD3d 500 [2007]; *Green v Nara Car & Limo, Inc.*, 42 AD3d 430 [2007]). By resubmitting defendants' expert orthopedist's affirmed report, plaintiff also sufficiently countered defendants' argument that her injuries reflected preexisting degenerative disease (*see Pommells v Perez*, 4 NY3d 566, 577-578 [2005]).

Upon a search of the record, plaintiff's 90/180 claim is also dismissed as against defendants Carol I. McKissock and Jonathon P. McKissock (*see Brewster v FTM Servo, Corp.*, 44 AD3d 351, 353 [2007]). Concur—Tom, J.P., Mazzarelli, Andrias and Williams, JJ.