■ RACHEL SKY, Respondent, v MARK TABS, Appellant. [868 NYS2d 648]—

On June 3, 2003, plaintiff and defendant were involved in a motor vehicle accident in which a vehicle driven by plaintiff was struck by a vehicle driven by defendant. Plaintiff commenced this action against defendant to recover damages for neck and back injuries she allegedly sustained as a result of that accident. Defendant moved for summary judgment dismissing the complaint, arguing, among other things, that plaintiff's injuries were not caused by the accident. In support of his motion, defendant submitted plaintiff's deposition testimony in which she stated that she had been injured in three accidents prior to the motor vehicle accident involving defendant. In April 1997 plaintiff was involved in a motor vehicle accident that caused injuries to her neck and back. In May or July 2001 plaintiff was in another motor vehicle accident that also caused injuries to her neck and back. Later in 2001 plaintiff slipped and fell, again sustaining injuries to her neck and back. Notably, plaintiff obtained chiropractic care and physical therapy for the neck and back injuries she sustained as a result of these three accidents. In fact, only three weeks prior to the June 2003 accident, plaintiff received chiropractic treatment for the neck and back injuries she sustained in the slip and fall accident.

Additionally, defendant submitted the July 10, 2003 MRI report of a radiologist consulted by plaintiff's treating physician. The report indicated that plaintiff had a herniated disk at

C6-C7, a minimal bulge at T3-T4 and "small central bulges" at L3-L4 and L4-L5 caused by degenerative disease. The radiologist compared the July 9, 2003 MRI films on which his report was based to MRI films of plaintiff's spine taken prior to the June 2003 accident on March 22, 2002, and concluded that there was "no significant interval change" in plaintiff's spine between the films.[1]

In opposition, plaintiff submitted the joint sworn-to-report of a physician and a chiropractor averring that plaintiff had certain limitations in the range of motion in both the cervical and lumbar portions of her spine, and, as a result, "suffers from a 15% permanent whole person impairment as it relates to the cervical spine, of which 10% is preexisting, and 5% is directly and causally related to the [June 2003 accident] . . . [and] an 11% permanent whole person impairment as it relates to the lumbar spine, of which 8% is preexisting, and 3% is directly and causally related to the [June 2003 accident]." That report, however, does not even mention let alone discuss the above-noted prior accidents that caused injuries to plaintiff's neck and back.[2]

Supreme Court denied defendant's motion, finding triable issues of fact with respect to whether plaintiff suffered a serious injury. We conclude that defendant made a prima facie showing of entitlement to summary judgment dismissing the complaint and, in opposition, plaintiff failed to raise a triable issue of fact. Accordingly, we reverse.

Defendant submitted evidence, including plaintiff's own deposition testimony, that she sustained neck and back injuries in three separate accidents in the six years and two months prior to the motor vehicle accident giving rise to this litigation. Plaintiff obtained chiropractic care and physical therapy for those injuries, and, only three weeks prior to the June 2003 accident, plaintiff received chiropractic treatment for the neck

---

1. Defendant also submitted the affirmations of two neurologists who examined plaintiff at defendant's behest. The first neurologist averred, among other things, that the June 2003 accident "did not produce a neurological diagnosis, limitation or disability." The second neurologist averred, among other things, that plaintiff suffered soft tissue injuries as a result of the June 2003 accident, but the neurologist detected "[n]o residual signs of any injuries from [that] accident" and determined that plaintiff "did not sustain any permanent or temporary impairment due to th[at] accident."

2. Under the "Past medical history" section of their report, the physician and chiropractor listed the following prior injuries of plaintiff: "Left distal fibula tendon tear requiring surgery in 1996. History of migraine headaches. History of right ring finger fracture in the fourth grade. History of left foot stress fracture in the fifth grade."

and back injuries she sustained in the 2001 slip and fall accident. Evidence of plaintiff's prior neck and back injuries, coupled with the July 2003 MRI report in which plaintiff's consulting radiologist concluded that there was "no significant interval change" in her spine between the films taken approximately one year and two months prior to the June 2003 accident and the July 2003 films, was sufficient to establish defendant's prima facie showing of entitlement to judgment as a matter of law (*see Brewster v FTM Servo, Corp.*, 44 AD3d 351, 352 [2007] ["Once a defendant has presented evidence of a preexisting injury, even in the form of an admission made at a deposition, it is incumbent upon the plaintiff to present proof to meet the defendant's asserted lack of causation" (citation omitted)]; *Figueroa v Castillo*, 34 AD3d 353, 353-354 [2006] ["Defendants' submissions included excerpts from plaintiff's deposition, as well as medical reports by plaintiff's doctors, and described another automobile accident one month before the subject accident, wherein she sustained similar knee and back injuries, and a fall on the same knee subsequent to the latest accident. These established additional contributing factors, interrupting the chain of causation between the subject accident and claimed injury, thereby shifting the burden of proof to plaintiff"]; *see also Ronda v Friendly Baptist Church*, 52 AD3d 440, 441 [2008] ["Defendants carried their initial burden of showing that plaintiff's shoulder tendon tear and other injuries were not proximately caused by the subject accident, by submitting reports of plaintiff's previous line-of-duty injuries and the opinion of their examining orthopedist, based in part on the MRI report describing arthritic changes in the shoulder joint as degenerative, that the shoulder injury was among plaintiff's preexisting conditions" (citation omitted)]).

In opposition, plaintiff failed to raise a triable issue of fact since her experts failed to address how her "current medical problems, in light of her past medical history, are causally related to the subject accident" (*Style v Joseph*, 32 AD3d 212, 214 [2006]). The most glaring deficiency in plaintiff's opposition is that her experts did not discuss her prior neck and back injuries at all (*see Becerril v Sol Cab Corp.*, 50 AD3d 261, 261-262 [2008] ["plaintiff conceded at his deposition that he sustained injuries to his neck and back in a prior accident, and an MRI conducted shortly after the subject accident showed degenerative disc disease. In these circumstances, it was incumbent upon plaintiff to present proof addressing the asserted lack of causation"]; *Brewster*, 44 AD3d at 352; *see also Donadio v Doukhnych*, 55 AD3d 532, 533 [2d Dept 2008] ["The plaintiffs relied solely on the affirmed medical report of the injured plaintiff's treating physi-

cian. That report failed to acknowledge that the injured plaintiff had been involved in two other accidents in which he injured his neck, back, and shoulders. In light of this omission, the treating physician's conclusion that the injuries and range of motion limitations to the injured plaintiff's neck, back, and shoulders observed during his examinations were the sole result of the subject accident was speculative"]). To be sure, plaintiff's experts assert that certain percentages of the limitations in range of motion were "directly and causally related" to the June 2003 accident. But this assertion is conclusory, premised on an incomplete history of plaintiff's prior relevant injuries and is insufficient to raise a triable issue of fact (*see Micciola v Sacchi*, 36 AD3d 869, 871 [2007]; *Gray v South Nassau Communities Hosp.*, 245 AD2d 337 [1997]; *see also Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002] ["Where the expert's ultimate assertions are speculative or unsupported by any evidentiary foundation . . . the opinion should be given no probative force and is insufficient to withstand summary judgment"]). Concur—Saxe, J.P., Catterson, McGuire, Acosta and DeGrasse, JJ.