■ EFRAIM RIVERA et al., Appellants, et al., Plaintiff, v GELCO CORPORATION et al., Respondents. EFRAIM RIVERA et al., Plaintiffs, and MICHAEL ORTIZ, Appellant, v GELCO CORPORATION et al., Defendants, and JOSE J. ARBULEDA, Respondent. [871 NYS2d 109]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered October 30, 2007, which granted defendants' motion for summary judgment dismissing the complaints, unanimously affirmed, without costs.

Defendants carried their prima facie burden of demonstrating that the injured plaintiffs did not sustain serious injuries (Insurance Law § 5102 [d]) by submitting physician reports based on physical examinations of plaintiffs and reviews of their medical records, in both instances attesting to normal findings (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]). In response, plaintiff Ortiz failed to raise an issue of fact. Having ceased medical treatment more than two years before the summary judgment motion, he failed to submit a physician's affirmation to explain that further treatment would have been unavailing (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]), which was fatal to his claim (*Otero v 971 Only U, Inc.*, 36 AD3d 430, 431 [2007]). With respect to his claim of incapacity for 90 of the first 180 days after the accident, which the motion court failed to address, his assertion that he was unable to lift heavy items was insufficient in the absence of competent medical evidence of his claimed restrictions (*see Onishi v N & B Taxi, Inc.*, 51 AD3d 594, 595 [2008]; *Rossi v Alhassan*, 48 AD3d 270 [2008]).

In the face of evidence of a prior accident and injury, and in opposition to defendants' expert opinions that his claimed injuries were not caused by the accident and were the result of age, plaintiff Efraim Rivera failed to raise an issue of fact. His physician's affirmation did not even mention the prior injury or address degeneration (*see Sky v Tabs*, 57 AD3d 235 [2008]). The

affirmation was based on an examination conducted long after the accident and failed to raise an issue of fact as to incapacity under the 90/180-day test (*Uddin v Cooper*, 32 AD3d 270, 272 [2006], *lv denied* 8 NY3d 808 [2007]). Concur—Andrias, J.P., Nardelli, Moskowitz, Renwick and Freedman, JJ.