■ JOSE DEJESUS et al., Respondents, v SOLANNY PAULINO et al., Respondents, and SERGIO P. NUNEZ et al., Appellants. [878 NYS2d 29]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered August 22, 2008, which, to the extent appealed from, denied the motion of defendants Nunez and Brickyard for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against all defendants. The Clerk is directed to enter judgment accordingly.

This action for personal injuries arose out of a motor vehicle accident that occurred on April 8, 2004 on Sedgewick Avenue near its intersection with Hall of Fame Road in the Bronx. Plaintiffs allege they each sustained injuries to the cervical and lumbar spine, and plaintiff DeJesus also alleges an injury to his knee.

Nunez and Brickyard moved for summary judgment dismissing the complaint on the grounds that neither plaintiff sustained a "serious injury" as defined in Insurance Law § 5102 (d). In support of that motion, they submitted a report by Dr. Tariq Yousef, a neurologist who conducted several tests on each plaintiff's cervical and lumbar spine. These tests found each plaintiff's range of motion to be normal, and Dr. Yousef concluded that each plaintiff could work and perform normal activities without restriction. This conclusion was supported by the underlying data revealed in those tests. Dr. Yousef reviewed each plaintiff's bill of particulars prior to conducting these tests; he did not, however, review their MRIs or other medical records.

Also submitted in support of the motion was the report of Dr. Wayne Kerness, an orthopedic surgeon who examined DeJesus. Dr. Kerness also conducted range of motion tests to this plaintiff's cervical and lumbar spine and found them to be within a normal range. Further objective tests led him to conclude that DeJesus also had full range of motion in his knees. Dr. Kerness opined that DeJesus was able to carry out his daily activities without restrictions, and that there was no permanency of any of the claimed injuries. As with Dr. Yousef, Dr. Kerness did not review DeJesus's MRI or medical records, but only the bill of particulars.

The report of Dr. Audrey Eisenstadt, a radiologist, was also

submitted. Dr. Eisenstadt reviewed Martinez's lumbar and cervical MRI films. She found indications of "pre-existing, degenerative disease" in Martinez's lumbar region which "could not have occurred in the time interval between examination and injury." She also found no recent or post-traumatic changes in Martinez's cervical spine.

In response was submitted the affirmation of Dr. Benjamin Cortijo, Jr., who had examined both plaintiffs on April 12, 2004, four days after the accident, finding limitations in the range-of-motion tests performed on their lumbar and cervical spine. After examining both plaintiffs approximately four years later, he again found limitations in the range of motion tests of their cervical and lumbar spines.

Plaintiffs also submitted reports by Dr. David H. Stemerman, who conducted cervical and lumbar MRIs on both plaintiffs, revealing herniations and disc bulges.

The IAS court denied the summary judgment motion, finding that the moving defendants failed to meet their initial burden of proof by showing that plaintiffs had not suffered a serious injury. The court further stated that assuming, arguendo, defendants had met their burden, plaintiffs' medical proof was sufficient to raise a triable issue of fact.

Contrary to the finding of the IAS court, the moving defendants sustained their prima facie burden. Notwithstanding their failure to review plaintiffs' medical records, defendants' experts detailed the specific objective tests used in their personal examinations, as well as the underlying data from those tests, to show full range of motion (*Day v Santos*, 58 AD3d 447 [2009]) and, as to Martinez, the degenerative condition in his lumbar spine. It was sufficient that defendants' radiologist reviewed plaintiffs' MRI films. Moreover, the reference to plaintiffs' proof and deposition testimony sufficiently refuted the 90/180-day allegation of serious injury (*see Rivera v Gelco Corp.*, 58 AD3d 477 [2009]).

Taken as a whole, defendants' submissions were sufficient to meet their initial burden and thus shift the burden to plaintiffs, who failed to carry that burden in several respects. The unsworn emergency room records and other reports had no probative value (*Black v Regalado*, 36 AD3d 437 [2007]). Plaintiffs submitted insufficient objective medical evidence to support their 90/180-day claim. Their deposition testimony about inability to play sports or mop floors was not supported by objective medical evidence (*see Nelson v Distant*, 308 AD2d 338, 340 [2003]).

With respect to plaintiff Martinez, the medical submissions

failed to address sufficiently the allegations that his lumbar injuries were the result of degenerative disease (*Reyes v Esquilin*, 54 AD3d 615 [2008]). With respect to both plaintiffs, bulging or herniated discs are not, in and of themselves, evidence of serious injury without competent objective evidence of the limitations and duration of the disc injury (*Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Toulson v Young Han Pae*, 13 AD3d 317, 319 [2004]). That objective evidence was not submitted here.

Dr. Cortijo's reports contained the objective tests conducted and the data underlying their results, both as to his examinations four days after the accident and approximately four years later with respect to both plaintiffs' lumbar and cervical condition. However, the affirmations submitted by plaintiffs' medical providers in opposition to the summary judgment motion did not address the findings made by the defense witnesses. Moreover, DeJesus did not produce any evidence to rebut the finding that he had full range of motion in his right knee. In response to Dr. Kerness's finding of a normal range of motion after examining DeJesus, Dr. Cortijo affirmed that on the later examination, DeJesus had positive compression, positive straight leg raising and "motor strength of the right knee 4/5, and right ankle 4+/5 dorsiflexion." None of the underlying data or the names of the tests utilized to arrive at this determination were mentioned. In short, DeJesus failed to address directly Dr. Kerness's finding of normal range of motion, thus leaving no triable issue of fact with respect to his knee condition.

Although the record is unclear as to whether defendants Paulino and Moreno filed a notice of appeal, we grant summary judgment in their favor as well "because, obviously, if plaintiff[s] cannot meet the threshold for serious injury against one [set of] defendant[s], [they] cannot meet it against the other" (*Lopez v Simpson*, 39 AD3d 420, 421 [2007]). Concur—Gonzalez, P.J., Tom, Friedman, Sweeny and McGuire JJ.