Order, Supreme Court, Bronx County (Sallie ManzanetDaniels, J.), entered January 6, 2009, which denied defendants’ motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The reports submitted by defendants’ examining physician sufficiently demonstrated that plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d), and supported the theory that his injuries were related to preexisting degenerative conditions rather than to the accident, proffering a detailed analysis of the preexisting condition and its degenerative nature. In response, plaintiffs expert failed to satisfactorily rebut this conclusion, neglecting even to mention, let alone explain, why he ruled out degenerative changes, thus rendering his opinion speculative (Montgomery v Pena, 19 AD3d 288, 290 [2005]) and insufficient to raise an issue of fact as to a causal connection between accident and injury (Pommells v Perez, 4 NY3d 566, 579-580 [2005]). In particular, plaintiffs expert failed to explain how the alleged serious injuries to plaintiffs right rotator cuff and lumbar spine might not have been related to his age, morbid obesity or prior occupation as a furniture installer (see Chan v Garcia, 24 AD3d 197 [2005]).
Plaintiff concedes that he failed to raise an issue of fact concerning his inability to perform substantially all of his routine daily activities for at least 90 of the first 180 days following the accident. There is no competent medical evidence on his behalf that he was unable to perform such activities (see Prestol v McKissock, 50 AD3d 600 [2008]). Concur—Tom, J.P., Andrias, Nardelli, DeGrasse and Freedman, JJ.