██ Alice Gong D'Ariano et al., Appellants, v Monique Meldish et al., Respondents. [890 NYS2d 324]

Defendants carried their prima facie burden by showing that the injured plaintiff's disc condition was degenerative and not caused by the trauma of the accident. Plaintiffs failed to adequately address such showing (see DeJesus v Paulino, 61 AD3d 605, 607-608 [2009]); speculation by plaintiff's family physician, that a radiologist who conducted an MRI of plaintiff's lumbar spine would have noted the existence of degenerative disc disease in his report had he seen any, was properly rejected by the motion court. In view of the foregoing, it is unnecessary to address the parties' other contentions. Concur—Sweeny, J.P., Catterson, Renwick, Freedman and Abdus-Salaam, JJ.

██ The People of the State of New York, Respondent, v Charada Turner, Appellant. [889 NYS2d 850]

The People met their burden of establishing, by clear and convincing evidence, risk factors bearing a sufficient total point score to support a level three sex offender adjudication. Regardless of whether defendant's correct point score is 120, as he contends, or 175, as contended by the People, there is no basis for a discretionary downward departure, particularly in light of defendant's pattern of violent sexual offenses (see generally People v Guaman, 8 AD3d 545 [2004]). Concur—Sweeny, J.P., Catterson, Renwick, Freedman and Abdus-Salaam, JJ.