■ DANIELLE JEAN-LOUIS, Respondent, v MODOU GUEYE et al., Appellants. [942 NYS2d 52]—

Order, Supreme Court, New York County (George J. Silver, J.), entered April 14, 2011, which, in an action for personal injuries, denied defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), and granted plaintiff's cross motion for partial summary judgment as to her 90/180-day claim, unanimously modified, on the law, to deny plaintiff's cross motion, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered October 12, 2011, which, insofar as it granted reargument, adhered to the prior order, unanimously dismissed, without costs, as academic.

Defendants met their prima facie burden with respect to the permanent consequential and significant limitation categories by offering the affirmation of an orthopedic surgeon who found normal ranges of motion for plaintiff's cervical spine, lumbar spine, left and right hips, and left and right knees (*see* Insurance Law § 5102 [d]; *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]). Plaintiff raised an issue of fact in opposition by submitting the MRI reports of her lumbar spine showing bulges at L4-5 and L5-S1, of her cervical spine showing disc bulges at C5-C6, and a grade II tear of the MCL of plaintiff's right knee, along with the affirmation of her orthopedic surgeon stating that such injuries were caused by the accident or had been exacerbated thereby, and that each of those body parts suffered losses in their range of motion as a result of the accident.

We reject defendants' argument that the affirmation of

plaintiff's orthopedic surgeon is rendered speculative because of his failure to reconcile the notation made on plaintiff's emergency room records indicating a full range of motion of her cervical spine. Those records are unaffirmed, fail to indicate any objective instruments or criteria used to make such a finding, and fail to compare normal values (*see Pommells v Perez*, 4 NY3d 566, 573-574 [2005]; *Rosa-Diaz v Maria Auto Corp.*, 79 AD3d 463, 464 [2010]; *DeJesus v Paulino*, 61 AD3d 605 [2009]). Further, contrary to defendants' arguments, plaintiff's orthopedic surgeon set forth an adequate basis for relating the accident as the cause of plaintiff's injuries or the exacerbation thereof (*see Perl v Meher*, 18 NY3d 208 [2011]). We also reject defendants' arguments pertaining to plaintiff's alleged gap in treatment because it is adequately explained by her orthopedic surgeon's finding that her improvement plateaued (*see Pommells v Perez*, 4 NY3d at 574; *Mercado-Arif v Garcia*, 74 AD3d 446 [2010]).

As to plaintiff's 90/180-day claim, Supreme Court properly found that plaintiff met her prima facie burden with respect thereto. Plaintiff submitted evidence that her orthopedic surgeon instructed plaintiff to remain out of work and substantially restrict her day-to-day activities, finding that she was "totally disabled" during the relevant statutory period. Plaintiff testified that she had no choice but to do so given the fact that she underwent two surgeries during the relevant period. This was further corroborated by the affirmation from her employer stating that plaintiff was absent from work from February 12, 2008, the date of the accident, until June 23, 2008. However, defendants raised an issue of fact as to whether plaintiff was actually medically prevented from going to work and whether any injuries she may have experienced were caused by the accident or preexisted the accident. Plaintiff's emergency room records show that she was discharged on the day of the accident with no restrictions and a full range of motion in her neck. Defendants' radiologists opined that plaintiff's MRIs showed no cervical or lumbar spine abnormalities and a preexisting knee condition unrelated to the accident, and their orthopedic surgeon opined that plaintiff suffered no injury to her spine, that the procedure performed on plaintiff's lumbar spine was not medically indicated, and that she had a preexisting knee condition (*see DeJesus*, 61 AD3d 605 [2009]; *Black v Regalado*, 36 AD3d 437 [2007]).

We have considered the parties' remaining contentions, and find them unavailing. Concur—Andrias, J.P., Friedman, Acosta, Freedman and Richter, JJ.