■ ROBERT ROACH, Appellant, v CITYWIDE MOBILE RESPONSE CORP. et al., Respondents. [959 NYS2d 47]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered August 29, 2011, which, to the extent appealed from as limited by the briefs, granted defendants Citywide Mobile Response Corp. and Jennifer Rich's motion for summary judgment dismissing the complaint alleging serious injury pursuant to Insurance Law § 5102 (d), and ordered the entry of judgment in favor of all defendants, unanimously affirmed, without costs.

Defendants established prima facie that plaintiff did not suffer serious injury of a permanent nature to his left knee by submitting an orthopedist's report finding normal ranges of motion and a radiologist's opinion that changes shown in an MRI of the then-35-year-old plaintiff were degenerative and preexisted the accident. In opposition, plaintiff submitted an arthroscopic surgeon's opinion that there were bilateral meniscal tears in the knee that were not degenerative (*see Salman v Rosario*, 87 AD3d 482, 483-484 [1st Dept 2011]). However, plaintiff failed to show that the meniscal tears resulted in more than minor limitations (*see Tuberman v Hall*, 61 AD3d 441 [1st Dept 2009]).

Moreover, the surgeon states in his affirmation that plaintiff denied having any knee problems before the accident. This assertion is refuted by plaintiff's testimony that his arthritic condition caused pain for which he was treated by three physicians prior to the accident. Although the surgeon makes passing references to the disease, he does not acknowledge or weigh its preexisting painful effect on plaintiff's left knee. In order to raise a triable issue of fact with respect to serious injury a "plaintiff's expert must adequately address how plaintiff's current medical problems, in light of [his or] her past medical history, are causally related to the subject accident" (*see Style v Joseph*, 32 AD3d 212, 214 [1st Dept 2006]). Here, Dr. Levy could not have performed the analysis required by *Style* because his observations are based on an incomplete medical history relating to plaintiff's left knee (*see e.g. Sky v Tabs*, 57 AD3d 235, 238 [1st Dept 2008]). Concur—Tom, J.P., Andrias, Renwick, DeGrasse and Richter, JJ.