■ GEORGE RICKETTS et al., Respondents, v CUFFE AUTO SALES, INC., Appellant, et al., Defendant. (And a Third-Party Action.) [965 NYS2d 718]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered November 21, 2012, which, upon reargument, vacated the court's prior order dated May 25, 2012, denied defendant Cuffe Auto Sales, Inc.'s motion for summary judgment dismissing the complaint, and granted plaintiffs' cross motion to amend their bill of particulars, unanimously affirmed, without costs.

The court providently exercised its discretion in granting reargument, since the court, in its prior order, appeared to have overlooked most of plaintiffs' evidence (see CPLR 2211 [d] [2]). Upon reargument, the court properly denied defendant's motion, as issues of fact exist as to plaintiffs' 90/180-day claim. While defendant met its initial burden as movant, plaintiffs provided credible evidence that the injured plaintiff suffered a medically-determined injury that prevented him performing his usual and customary activities—including working, picking his daughter up from school, cooking, and cleaning—for more than 90 days after the accident (compare Castillo v Collado, 83 AD3d 581, 582 [1st Dept 2011], with Bailey v Islam, 99 AD3d 633, 634 [1st Dept 2012]; Jno-Baptiste v Buckley, 82 AD3d 578, 579 [1st Dept 2011]). Whether plaintiff's doctor's averments are credible is an issue for the jury to decide (see Sung v Mihalios, 44 AD3d 500, 501 [1st Dept 2007]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Acosta, J.P., Renwick, Richter and Feinman, JJ.