Order, Supreme Court, Bronx County (John A. Barone, J.), entered December 24, 2012, which, insofar as appealed from as limited by the briefs, denied plaintiff’s motion for summary judgment against defendants Multiple Medical Health Services, EC. and Infinite Chiropractic, PLLC, unanimously reversed, on the law, with costs, the motion granted, and it is declared that plaintiff owes no coverage duty to said defendants.
Plaintiff established its entitlement to summary judgment by submitting an affidavit of service demonstrating that the notices scheduling independent medical examinations (IMEs), in connection with a no-fault insurance claim filed by Maria MarteRosario, were properly mailed to her and her counsel, and the doctor’s affidavit establishing Marte-Rosario’s failure to appear at the scheduled IMEs (see American Tr. Ins. Co. v Solorzano, 108 AD3d 449 [1st Dept 2013]). The affidavit of service raised a presumption that a proper mailing occurred, which defendants failed to rebut by submitting a returned letter to Marte-Rosario from her counsel, with the name of her street apparently misspelled; in any event, there is no evidence rebutting the showing that the notices were served on Marte-Rosario’s counsel (see Matter of Ariel Servs., Inc. v New York City Envtl. Control Bd., 89 AD3d 415 [1st Dept 2011]). As it is undisputed that MarteRosario’s appearance at scheduled IMEs was a condition precedent to coverage, plaintiff was entitled to deny the claim (see Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559 [1st Dept 2011], lv denied 17 NY3d 705 [2011]). Defendant Empire Acupuncture, PC (Empire), which has not appealed from the order, requests modification of the order to deny plaintiff’s motion for summary judgment against it and grant Empire’s motion for summary judgment against plaintiff. Contrary to plaintiff’s contention, the court’s reference to a *443 “default” by Empire does not render the portion of the order pertaining to Empire nonappealable pursuant to CPLR 5511, since Empire opposed plaintiff’s motion for summary judgment against it (see Spatz v Bajramoski, 214 AD2d 436, 436 [1st Dept 1995]). However, although we are empowered to search the record and grant the relief sought by Empire under these circumstances (see generally Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106 [1984]; Brewster v FTM Servo, Corp., 44 AD3d 351 [1st Dept 2007]), we have considered and rejected Empire’s arguments on the merits. Concur — Tom, J.P, Andrias, Friedman, Freedman and Clark, JJ.