■ YOLANDA ACOSTA, Appellant, v HECTOR A. RAMOS et al., Respondents. [40 NYS3d 116]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about September 28, 2015, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the claim of serious injury to the right shoulder within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion denied.

Defendants met their burden of showing that plaintiff did not sustain a serious injury to her right shoulder as a result of the accident by submitting the affirmed report of a radiologist who opined that the MRI of the 22-year-old plaintiff's right shoulder showed a labrum tear, which is a chronic degenerative condition, and no evidence of a traumatic, supraspinatus tear (*see Rosa v Mejia*, 95 AD3d 402 [1st Dept 2012]). In addition, after reviewing plaintiff's postaccident medical records, defendants' expert neurologist noted that plaintiff made no contemporaneous complaints of shoulder pain and that the first record of such complaints was four months later.

In opposition, plaintiff submitted medical records showing that she complained of shoulder pain to a medical provider six days after the accident, that she continued to complain of shoulder pain while receiving therapy, and that she sought further treatment for her shoulder about four months after the accident; she then underwent an MRI that revealed, supraspinatus and labral tears for which she eventually underwent arthroscopic surgery. These medical records provide sufficient evidence of contemporaneous treatment to permit a finding that plaintiff's shoulder injuries were a result of the accident (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]; *Salman v Rosario*, 87 AD3d 482, 483-484 [1st Dept 2011]). Further, plaintiff's orthopedic surgeon disputed defendants' experts' findings of a degenerative condition and opined, based on his examination of plaintiff, his observations during surgery, his review of the MRI, and plaintiff's lack of history of previous shoulder injuries, that the shoulder tears were causally related to the accident (*see Steele v Santana*, 125 AD3d 523 [1st Dept 2015]). The surgeon also made findings of limitations in range of motion, and attributed these limitations, as well as the objective findings of ligament tears, to plaintiff's accident.

Defendants argue that plaintiff's prolonged delay in seeking further treatment for her shoulder after the surgeon diagnosed tears precludes a finding of serious injury. However, plaintiff's explanation for the gap in treatment, including her pregnancy and ensuing care of the baby without help, is sufficient to raise an issue of fact (*see Ramkumar v Grand Style Transp. Enters. Inc.*, 22 NY3d 905 [2013]).

Defendants' other arguments concerning discrepancies in plaintiff's medical records raise issues of fact for a factfinder to resolve (*see Jean-Louis v Gueye*, 94 AD3d 504 [1st Dept 2012]; *Sung v Mihalios*, 44 AD3d 500 [1st Dept 2007]). Concur—Friedman, J.P., Renwick, Feinman, Gische and Kapnick, JJ.