■ SHERYL R. MENKES, Appellant, v RICHARD DELIKAT et al., Respondents. [50 NYS3d 318]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered October 16, 2015, which, to the extent appealable, denied plaintiff's motion to renew, and thereupon vacate, a prior order granting defendants' motion to dismiss the complaint pursuant to CPLR 3126 based on plaintiff's failure to comply with discovery orders, unanimously affirmed, and the appeal therefrom otherwise dismissed, as taken from a nonappealable order, without costs.

No appeal lies from the portion of the order that denied reargument (*Jones v 170 E. 92nd St. Owners Corp.*, 69 AD3d 483 [1st Dept 2010]; *see* CPLR 5701 [a] [2] [viii]). Thus, plaintiff's arguments that the motion court misapprehended the law or facts when it granted defendants' motion and denied her cross motion are not properly before this Court (*see Stratakis v Ryjov*, 66 AD3d 411 [1st Dept 2009]; CPLR 2221 [d] [2]).

As for the motion for leave to renew, plaintiff presented additional excuses and explanations for her delay in complying with outstanding discovery orders, but these facts were available at the time of the underlying motion and plaintiff did not explain why she did not offer them in opposition to the underlying motion (*see Rancho Santa Fe Assn. v Dolan-King*, 36 AD3d 460, 461 [1st Dept 2007]; CPLR 2221 [e] [2], [3]).

Were we to reach the merits of the underlying order, we would find that the motion court providently exercised its discretion in determining that plaintiff's failure to respond to a simple demand for documentary discovery, as directed in five compliance conferences over the course of a year and one-half, was wilful and contumacious (*see Fish & Richardson, P.C. v Schindler*, 75 AD3d 219, 220 [1st Dept 2010]; *Brewster v FTM Servo, Corp.*, 44 AD3d 351, 352 [1st Dept 2007]; CPLR 3126). Plaintiff failed to tender a reasonable excuse to overcome defendants' showing of wilfulness (*see Reidel v Ryder TRS, Inc.*, 13 AD3d 170, 171 [1st Dept 2004]). Accordingly, plaintiff's belated disclosure did not outweigh the prejudice caused defendants in their preparation for trial (*see Brewster*, 44 AD3d at 352). Concur—Acosta, J.P., Richter, Manzanet-Daniels, Gische and Webber, JJ.