| |
|---|
| **Rodriguez v Saul** |
| 2024 NY Slip Op 32385(U) |
| July 11, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 452355/2020 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. JAMES G. CLYNES</u>      PART      22M

*Justice*

-----------------------------------------------------------------------X

VITOR RODRIGUEZ,

           Plaintiff,

           - v -

ANIS HARGREY SAUL, PREMIER PARATRANSIT, AND
NEW YOURK CITY TRANSIT AUTHORITY,

           Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 452355/2020 |
| MOTION DATE | 11/14/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 34, 35, 36, 37, 38
were read on this motion to/for         <u>SUMMARY JUDGMENT</u> .

Upon the foregoing documents, it is ordered that Defendants' motion, pursuant to CPLR 3212, for an Order granting summary judgment in favor of Defendants and dismissing the Complaint against them on the grounds that Plaintiff failed to satisfy the serious injury threshold requirement of Insurance Law 5102 (d) and 5104 (a) is decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of a July 18, 2018 automobile collision with a minibus operated by Defendant Anis Hargrey Saul on behalf of his employer, defendant Premier Paratransit. According to the Complaint and Plaintiff's deposition testimony, the accident occurred near the Avenue C entrance onto the FDR Drive. The Complaint alleges that Plaintiff "was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Plaintiff VICTOR RODRIGUEZ will be permanently caused to suffer pain, inconvenience and other effects of such injuries; Plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries and Plaintiff VICTOR RODRIGUEZ has suffered and in the

452355/2020 RODRIGUEZ, VICTOR vs. SAUL, ANIS HARGREY, ET AL
Motion No. 001

Page 1 of 7

future will necessarily suffer additional loss of time and earnings from employment; and the Plaintiff VICTOR RODRIGUEZ will be unable to pursue his usual duties with the same degree and efficiency as prior to this accident, all to his damage."[1]

Plaintiff's initial Verified Bill of Particulars in February 2019 claims injuries to Plaintiff's lumbar spine, cervical spine, thoracic spine, and left shoulder.

Plaintiff, a butcher, was employed full-time as the general manager of a supermarket's meat department at the time of the accident. He testified at his deposition that he returned to work full-time the day after the accident, but that he performed only managerial duties because the pain from the injuries restricted his ability to cut meat. The deposition, however, did not explore the significance of this change as it related to the performance of his duties, for example, the relative allocation of his time between cutting and managing prior to the accident.

The burden rests upon the movant to establish that the plaintiff has not sustained a serious injury (*Perez v Rodriguez*, 25 AD3d 506 [1st Dept 2006]; *Lowe v Bennett*, 122 AD2d 728 [1st Dept 1986], *affd* 69 NY2d 701 [1986]). When the movant has made such a showing, the burden shifts to the plaintiff to produce prima facie evidence to support the claim of serious injury (*see Lopez v Senatore*, 65 NY2d 1017 [1985]; *Abate v Wolf*, 219 AD3d 1118 [4th Dept 2023]). In support of their motion, Defendants rely on an affirmed report of an orthopedist, John Xethalis, M.D., following an examination on March 17, 2022, and of Elizabeth Ortof, M.D., a neurologist, who examined Plaintiff on July 20, 2022.

Dr. Xethalis performed range of motion measurements using a goniometer, as well as an orthopedic examination. His report observed that Plaintiff ambulates with normal gait and does not use assistive devices. His tests revealed that Plaintiff has a 10 to 20 percent diminished range

---

[1] This action was consolidated by order entered October 22, 2019 with another action in which Plaintiff also sued Saul and Premier Paratransit in Bronx Supreme Court, under Index No. 20298/2019.

452355/2020 **RODRIGUEZ, VICTOR vs. SAUL, ANIS HARGREY. ET AL**　　　　**Page 2 of 7**
Motion No. 001

2 of 7

of motion in parts of the cervical spine and a 5 to 30 percent diminished range of motion in parts of the lumbar spine. Although Dr. Xethalis acknowledged that Plaintiff had suffered from cervical and lumbar sprains or strains, he concluded that those had resolved by the time of his examination (*see Maenza v Letkajornsook*, 172 AD2d 500 [2d Dept 1991] ["allegations of sprains and contusions are insufficient to establish that the plaintiff sustained a 'serious injury' as defined in the statute"]). He opined that Plaintiff did not require continued orthopedic or therapeutic treatment and had no causally related orthopedic disability.

Dr. Ortof, in turn, performed range of motion tests measured visually and with a goniometer and found normal range of motion for the cervical spine, and 5 to 10 percent diminished range of motion in flexion and lateral flexion in the lumbar spine. Dr. Ortof found the Plaintiff's gait was antalgic, Romberg test was negative, Left C6 radiculopathy, and Left L5 radiculopathy. Dr. Ortof's examination concluded that Plaintiff is capable of returning to work in his traditional capacity, but should restrict lifting, pushing, or pulling objects over 10 pounds.

In *Toure v Avis Rent a Car Sys.*, the Court of Appeals held that "an expert's designation of a numeric percentage of a plaintiff's loss of range of motion can be used to substantiate a claim of serious injury" (*Toure v Avis Rent a Car Sys.*, 98 NY2d 345, 350 [2002]). Here, Dr. Xethalis demonstrates that Plaintiff has a limitation in his range of motion, most notably, a 30-degree range of motion decrease in the flexion of his lumbar spine and a positive straight leg test at 50 degrees (80 degrees normal). This restriction satisfies the standard enunciated by the Court of Appeals in *Toure*. Although Dr. Xethalis notes that there are no other medical indications to support this limitation and diagnoses Plaintiff with thoracic, cervical, and lumbar spine sprains/strains, he reports that the proximate cause of the diagnosed injuries was the subject accident. As the medical report submitted by Defendants indicated that Plaintiff has a limited range of motion of both his

452355/2020 RODRIGUEZ, VICTOR vs. SAUL, ANIS HARGREY, ET AL
Motion No. 001

Page 3 of 7

[* 3]

lumbar and cervical spine, as well as the suggested causation by the subject accident, the report is insufficient to eliminate all triable issues of fact. Therefore, Defendants have failed to make a prima facie showing that Plaintiff does not have a serious physical injury as defined in Insurance Law 5102 (d).

Even if the Court found that Defendants met their burden, and the burden shifted to Plaintiff, Plaintiff raised an issue of fact to preclude summary judgment in Defendants' favor (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

In opposition, Plaintiff submits his attorney's affirmation, as well as opinions and records of his examining physicians and treating professionals. He does not contend that he is completely unable to work. He contends, however, that he is now working only part-time. The record, including the transcript of his deposition, is unclear as to the date and circumstances under which he shifted from full-time to part-time work, and there is no medical opinion that such a cutback was necessary as a result of the accident.

Nevertheless, Plaintiff has filed substantial evidence from medical providers that he continues to suffer and receive treatment for injuries consistent with his claims of pain and restricted motion. He has continuously since the accident sought advice and treatment from a wide series of providers, including physical examinations, injections, acupuncture, MRIs, range of motion testing, electrodiagnostic studies and radiofrequency neurolysis. He has submitted, *inter alia,* affirmed reports from David Kim, M.D. and Tim Canty, M.D. of the Comprehensive Spine and Pain Center of New York, who confirmed the causal relationship; Raed Hattab, M.D., a diplomate of the American Board of Physical Medicine & Rehabilitation and Interventional Pain Management, who diagnosed lumbago with lumbar sprain/strain; lumbar disc displacement with disc herniation and bulge and lumbar radiculopathy; and Ronald A. Daly, M.D., an orthopedic

452355/2020 RODRIGUEZ, VICTOR vs. SAUL, ANIS HARGREY, ET AL
Motion No. 001

Page 4 of 7

[* 4]

surgeon, who assessed left shoulder symptomatic traumatic internal derangement attributable to the accident as well as partial tears of the supraspinatus tendon. Three years after the accident, the Comprehensive Spine and Pain Center found loss of range of motion as high as 34 percent in the patient's left shoulder extension, abduction, and external rotation, as well as loss as high as 60 percent in lumbar extension and left and right rotation.

The common opinion in the affirmed reports is that Plaintiff has continued to suffer throughout the multiyear period since the accident from a left shoulder rotator cuff and labrum tear, lumbar disc herniation, lumbar disc bulges and lumbar radiculopathy. Plaintiff further contends that Defendants' expert did not examine Plaintiff until almost four years after the accident, thus rendering the report incompetent[2].

In reply to Plaintiff's opposition, Defendants primarily argue that Plaintiff's medical reports are conclusory and lack objective evidence. They contend that the types of injuries alleged, such as strains and tears, do not rise to the level of serious injury. They argue that Plaintiff's opposition and his medical reports are impermissibly based upon the victim's subjective reports of his condition. Defendants finally assert that, by his own admission, Plaintiff does not satisfy the serious injury threshold for a 90/180 days claim.

While portions of the medical reports are conclusory or based upon Plaintiff's own reports of pain and limitation, they include sufficient objective tests, analyses, and medical opinions, consistent with Plaintiff's own reporting, to raise questions of fact to be resolved at trial. While Defendant correctly points out that summary judgment may be granted where Plaintiff relies on his or her own subjective allegations without objective medical support (*see Bitici v NYC Transit*

---

[2] Plaintiff's contention that Defendants' expert examinations were conducted so long after the accident as to be immaterial is not dispositive, as they are still relevant with respect to the permanence of the injury (*see Perl v Meher*, 18 NY3d 208, 217 [2011] ["it is not unreasonable to measure the severity of the injuries at a later time"]; *Hutchinson v Beth Cab Corp.*, 204 AD2d 151 [1st Dept 1994]).

*Auth.*, 245 AD2d 157 [1ˢᵗ Dept 1997]), a plaintiff's symptoms can be considered by the Court in conjunction with medical opinions (*see Acosta v Ramos,* 144 AD3d 441 [1ˢᵗ Dept 2016]). The present case closely parallels *Acosta,* where the plaintiff complained of shoulder pain, her physicians also diagnosed supraspinatus and labral tears, and the Appellate Division reversed the lower court's grant of summary judgment (*id.,* at 442).

The Court's function in adjudicating a motion for summary judgment is issue-finding, not issue-determination (*see Sillman v Twentieth Century Fox Film Corp.,* 3 NY2d 395 [1957]). Because the parties' respective experts materially disagree on the nature and permanence of the alleged injuries, as well as causation, summary judgment must be denied to the extent that Plaintiff claims permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system.[3]

Partial summary judgment is, however, granted on Plaintiff's claim of a nonpermanent injury which prevented him from performing "substantially all of the material acts constituting his usual and customary daily activities" for not less than 90 days during the 180 days immediately following the injury. Plaintiff testified in his deposition that he resumed his job the day after the accident (*see Thompson v Abbasi,* 15 AD3d 195 [1st Dept 2005]; *see also Vera v Islam,* 70 AD3d 525 [1st Dept 2010]). Also, under Insurance Law §5102(d), an injury must be "medically determined" to qualify under the 90/180-day category (*see Lazu v Harlem Group,* 89 AD3d 435, 436 [1st Dept 2011]; *Galofaro v Wylie,* 78 AD3d 652 [2ᵈ Dept 2010]; *see also Sanz v MTA-Long Is. Bus,* 46 AD3d 867 [2ᵈ Dept 2007]), meaning that the condition must be substantiated by a

---

[3] Plaintiff has not demonstrated or articulated a claim for dismemberment; significant disfigurement; a fracture; loss of a fetus; or permanent loss of use of a body organ, member, function or system (CPLR 5102[d]; *see also Perl v Meher,* 18 NY3d, at 217).

452355/2020 RODRIGUEZ, VICTOR vs. SAUL, ANIS HARGREY. ET AL
Motion No. 001

Page 6 of 7

6 of 7

INDEX NO. 452355/2020

RECEIVED NYSCEF: 07/11/2024

physician (*see Ryan v Xuda*, 243 AD2 457, 457-458 [2<sup>d</sup> Dept 1997]). Plaintiff has failed to sufficiently proffer medical evidence supporting the 90/180 days claim.

Therefore, Defendant's motion for summary judgment is granted in part only.

Accordingly, it is

**ORDERED** that the motion by Defendant for summary judgment and dismissal of Plaintiff's complaint is DENIED except as to Plaintiff's claim of serious injury under the 90/180-days category of Insurance Law 5102 (d), as to which the motion is GRANTED; and it is further

**ORDERED** that any requested relief not specifically addressed herein has nonetheless been considered; and it is further

**ORDERED** that within 30 days after entry, Plaintiff shall serve a copy of this Decision and Order upon Defendants with Notice of Entry.

This constitutes the Decision and Order of the Court.

| 7/11/2024 | | JAMES G. CLYNES, J.S.C. |
| DATE | | |

**CHECK ONE:**

- [ ] CASE DISPOSED
- [X] NON-FINAL DISPOSITION
- [ ] GRANTED [ ] DENIED
- [X] GRANTED IN PART [ ] OTHER

**APPLICATION:**
- [ ] SETTLE ORDER
- [ ] SUBMIT ORDER

**CHECK IF APPROPRIATE:**
- [ ] INCLUDES TRANSFER/REASSIGN
- [ ] FIDUCIARY APPOINTMENT
- [ ] REFERENCE

452355/2020 RODRIGUEZ, VICTOR vs. SAUL, ANIS HARGREY, ET AL
Motion No. 001

Page 7 of 7