Joyous JD Ltd. v Yolanda Mgt. (2026 NY Slip Op 01462)

Joyous JD Ltd. v Yolanda Mgt.

2026 NY Slip Op 01462

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Webber, J.P., Friedman, González, O'Neill Levy, Michael, JJ. 

Index No. 652028/23|Appeal No. 6123-6123A|Case No. 2025-01111|

[*1]Joyous JD Limited, et al., Plaintiffs-Respondents,
vYolanda Management et al., Defendants-Appellants.

Thompson & Skrabanek, PLLC, New York (Mastewal Taddese Terefe of counsel), for appellants.
Morrow Ni LLP, New York (Lawrence Yichu Yuan of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about January 14, 2025, which, to the extent appealable, denied defendants' motion for leave to renew their motion to dismiss the complaint under CPLR 3211 based on principles of comity, res judicata, and collateral estoppel, unanimously affirmed, without costs. Appeal from that part of the order denying leave to reargue, unanimously dismissed, without costs, as taken from a nonappealable order.
Supreme Court providently denied defendants' motion for leave to renew pursuant to CPLR 2221(e) because the supposed "new facts" upon which the renewal was based were the same foreign language documents defendants initially presented on their motion to dismiss, which did not comply with the statutory requirements for translated documents (CPLR 2101[b]; see e.g. Mehler v Jones, 181 AD3d 535, 535 [1st Dept 2020]; Lower E. Side II Assoc., L.P. v 349 E. 10th St. LLC, 118 AD3d 607, 607 [1st Dept 2014]). Although, upon seeking renewal, defendants supplied English translations and the proper translator's affidavit to these documents, they did not provide reasonable justification for their previous omissions, asserting only that their belated presentation of them was "inadvertent" or "mistaken" error (see NRZ Pass-Through Trust IV v Rouge, 199 AD3d 466, 466 [1st Dept 2021]).
To the extent defendants contend that the court should have dismissed the complaint on forum non conveniens grounds, that argument was offered in support of their motion to reargue, and an order denying reargument is not appealable (see NRZ Pass-Through Trust IV,199 AD3d at 467; Menkes v Delikat, 148 AD3d 442, 442 [1st Dept 2017]). Thus, their arguments on forum non conveniens are not properly before this Court. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026