■ CARMEN TEJEDA, an Infant, by Her Mother and Natural Guardian, ROSA TEJEDA, et al., Respondents, v 750 GERARD PROPERTIES CORP. et al., Appellants. [707 NYS2d 174] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered March 31, 1999, which denied defendants' motion and cross motion for summary judgment, unanimously reversed, on the law, without costs, the motions granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

There is no dispute that plaintiffs failed to provide the discovery material within the 90-day period set forth in the conditional order of preclusion and it is settled that such failure warrants the drastic relief of dismissal in the absence of a reasonable excuse for the failure to comply and an affidavit of merit (*see, Video-Cinema Films v Migdal, Pollack, Rosenkrantz & Sherman*, 249 AD2d 73; *VSP Assocs. v 46 Estates Corp.*, 243 AD2d 373; *Video-Cinema Films v Seaboard Sur. Co.*, 237 AD2d 135).

We find that plaintiffs have failed to demonstrate the existence of a meritorious claim as plaintiff's affidavit simply states that the infant plaintiff was injured when a defective window suddenly slammed down on her fingers. The affidavit is devoid of any detail regarding the alleged defect in the window, nor is there any indication that defendants had actual or constructive

notice of a defect (*see, Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646; *Martinez v Otis El. Co.*, 213 AD2d 523). The mere fact that the accident occurred, standing alone, is insufficient to establish liability on the part of defendants (*see, Sheikh v New York City Tr. Auth.*, 258 AD2d 347).

Finally, plaintiffs' argument that this action should be allowed to proceed for the sake of judicial economy in that the Statute of Limitations has not expired and the action can simply be recommenced is without merit as a judgment based on a violation of a preclusion order is a determination on the merits (*see, Strange v Montefiore Hosp. & Med. Ctr.*, 59 NY2d 737; *Cruz v Kamlis Dresses & Sportswear Co.*, 238 AD2d 103). Concur—Rosenberger, J. P., Nardelli, Tom, Wallach and Saxe, JJ.