■ In the Matter of JOHN HALPIN, Petitioner, v JOEL I. KLEIN, as Chancellor of the New York City Department of Education, et al., Respondents. [878 NYS2d 45]—Determination of respondent Chancellor of the New York City Department of Education, dated August 30, 2007, terminating petitioner's employment, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Emily Jane Goodman, J.], entered March 12, 2008) dismissed, without costs.

The determination is supported by substantial evidence in the record (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987])—including global positioning software records, petitioner's time cards, and eyewitness testimony—establishing that petitioner left work early on 63 occasions over a four-month period and submitted falsified time cards for his work on those dates. Given these circumstances, the penalty is not excessive (*see* CPLR 7803 [3]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 234-236 [1974]). Concur—Gonzalez, P.J., Buckley, Catterson, McGuire and Renwick, JJ.

■ LAMONT ENSLEY, Appellant, v SNAPPER, INC., Respondent, et al., Defendant. [879 NYS2d 71]—Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered April 3, 2008, which conditionally granted defendant Snapper's motion to preclude plaintiff from offering certain evidence at trial, and order, same court and Justice, entered on or about May 6, 2008, which denied plaintiff's motion to vacate or modify the prior order and precluded the testimony of plaintiff's expert for all purposes, unanimously affirmed, without costs.

Plaintiff failed to comply in a timely fashion with three discovery orders, and failed to offer a reasonable excuse (*see Kihl v Pfeffer*, 94 NY2d 118 [1999]) or set forth the merits of his claim (*see Tejeda v 750 Gerard Props. Corp.*, 272 AD2d 124 [2000]) when moving to vacate the final, conditional order. Since his counsel was personally present when the earlier order was issued, plaintiff was on notice of it and bound by its provisions (*see Matter of Raes Pharm. v Perales*, 181 AD2d 58, 61-62 [1992]). Concur—Gonzalez, P.J., Buckley, Catterson, McGuire and Renwick, JJ.