■ AWL Industries, Inc., et al., Respondents, v QBE Insurance Corp., Appellant. [885 NYS2d 71]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered October 17, 2007, which granted plaintiffs' motion for a declaration that defendant is obligated to defend and indemnify AWL Industries, Inc. in the underlying action, unanimously affirmed, with costs. Order, same court and Justice, entered December 22, 2008, which denied defendant's motion to renew, unanimously affirmed, with costs.

Plaintiff AWL served as the general contractor on a demolition and construction project and retained River Trucking & Rigging, Inc. as a subcontractor. An employee of River was injured while working on the project and commenced an action against AWL to recover damages for his injuries. A contract between AWL and River required River to name AWL as an additional insured on River's insurance policy. The insurance policy that QBE Insurance Corp., the defendant in this action, issued to River has an additional insured endorsement that applies only "[a]s required by written contract." The parties dispute whether, prior to the date of the employee's accident, the contract had been executed by the parties.

Plaintiffs (AWL and its insurer) commenced this action against QBE for a declaration that AWL is an additional insured under River's policy. Plaintiffs moved for summary judgment on

the complaint. Plaintiffs also sought to strike QBE's answer based on its failure to comply with a conditional order requiring it to provide responses to certain disclosure demands. QBE opposed the motion. By an order dated October 11, 2007, Supreme Court granted that portion of the motion seeking summary judgment and declared that QBE was required to defend AWL in the personal injury action and indemnify AWL for any judgment resulting from that action. The court left "unaddressed" that portion of the motion seeking to strike QBE's answer. Supreme Court denied QBE's subsequent motion to renew plaintiffs' prior motion. This appeal by QBE from both orders ensued.

We need not decide whether Supreme Court correctly granted plaintiffs summary judgment, because plaintiffs were entitled to have QBE's answer struck. Plaintiffs made a motion to strike QBE's answer based on its failure to respond to several of plaintiffs' disclosure demands. By an order dated October 16, 2006, Supreme Court resolved that motion by requiring QBE to respond to those demands within 30 days of the date of the order. The order stated that "In the event that defendant does not comply with this [order] with[in] this 30 Day period, the answer will be struck." By an order dated November 8, 2006, the court extended to December 8, 2006 QBE's time to comply with the conditional order. In their motion papers, dated February 20, 2007, plaintiffs asserted that QBE, in violation of the conditional order, had not provided plaintiffs with numerous documents they had demanded, including documents in QBE's claims file regarding the personal injury action, and documents, notes and correspondence pertaining to AWL's tender of the defense in the personal injury action to QBE. In opposition to that motion, QBE did not dispute that it had failed to comply with the conditional order. Thus, the self-executing conditional order became absolute on December 8, 2006 (*see e.g. Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827 [2008]; *Ensley v Snapper, Inc.*, 62 AD3d 403 [2009]; *Tejeda v 750 Gerard Props. Corp.*, 272 AD2d 124 [2000]; *VSP Assoc. v 46 Estates Corp.*, 243 AD2d 373 [1997]; *see also Foster v Dealmaker, SLS, LLC*, 63 AD3d 1640 [2009]).

Accordingly, QBE was required to demonstrate both a reasonable excuse for its failure to comply with the order and a potentially meritorious defense to the action (*see Ensley, supra*; *Tejeda, supra*). QBE asserted that its prior counsel failed to notify QBE's claims handling company that the court had ordered QBE to provide the disclosure requested in plaintiffs' demand for disclosure. QBE, however, acknowledged that its

claims handling company had received QBE's prior counsel's affirmation opposing plaintiffs' motion to strike QBE's answer, the motion that generated the October 16 conditional order. QBE, through its claims handling company, was therefore aware that plaintiffs had asserted that QBE failed to respond to plaintiffs' disclosure demands and were seeking to have QBE's answer struck. At bottom, QBE offered nothing more than a perfunctory claim of law office failure by its prior counsel, which was insufficient to excuse its failure to comply with the conditional order (*see generally Okun v Tanners*, 11 NY3d 762 [2008]; *Walker v City of New York*, 46 AD3d 278, 280-281 [2007]).

We note, too, that the excuse for QBE's failure to comply with the conditional order came from QBE's subsequent counsel, who did not assume representation of QBE until February 2007, approximately two months after QBE's deadline to comply with the conditional order passed. Thus, QBE's subsequent counsel's assertions as to why QBE failed to comply with the conditional order were not based on personal knowledge.

In sum, the conditional order striking QBE's answer became absolute, QBE failed to demonstrate a reasonable excuse for its failure to comply with that order, and consequently plaintiffs are entitled to judgment in their favor. Because we conclude that QBE's answer should have been struck and that plaintiffs are entitled to judgment on the complaint (and a declaration in their favor) for that reason, we need not and do not pass on whether a triable issue of fact exists regarding whether a "written contract" between AWL and River existed on the date of the worker's accident. Concur—McGuire, J.P., Acosta, DeGrasse and Abdus-Salaam, JJ.