RIGOBERTO ORTIZ et al., Appellants, v 3115 BROADWAY DEVELOPMENT FUND, Respondent, et al., Defendants. (And Other Actions.) [901 NYS2d 226]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered December 12, 2008, which granted defendant 3115 Broadway Development Fund's motion to vacate the judgment, same court and Justice, entered June 12, 2008, after an inquest, unanimously reversed, on the law and the facts, without costs, the motion denied, and the judgment reinstated.

By order entered August 3, 2007, the court (Kenneth L. Thompson, Jr.) ordered that defendant's answer "is stricken unless said defendant produces employee Eddie Padilla for an EBT within 30 days." This conditional order, which followed a pattern of noncompliance with discovery orders on defendant's part, was self-executing, defendant's failure to produce Padilla for deposition rendered it "absolute," and defendant's answer was stricken (*Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827, 830 [2008]). Defendant did not appeal from the conditional order or seek other relief and did not appear at the ensuing inquest.

Defendant failed to satisfy the requirements for vacating the judgment, i.e., to demonstrate a reasonable excuse for its failure to comply with the prior preclusion order and a meritorious defense to the cause of action (*see e.g. Tejeda v 750 Gerard Props. Corp.*, 272 AD2d 124 [2000]; *Dimitratos v City of New York*, 180 AD2d 414 [1992]). Defendant's conclusory claim that it received none of the several mailings and notices reflected in the record is insufficient to excuse its chronic noncompliance with discovery orders (*see generally Burr v Eveready Ins. Co.*, 253 AD2d 650, 651 [1998], *lv dismissed* 92 NY2d 1041 [1999]). Defendant's citing to a 63-page deposition without identifying any particular testimony is insufficient to satisfy its obligation to provide "the required evidentiary facts, in admissible form," that would establish a meritorious defense (*see generally James v Hoffman*, 158 AD2d 398 [1990]). Concur—Andrias, J.P., Catterson, Renwick, Richter and Román, JJ.