■ Luis Ramos, Respondent, v Michael Stern, Appellant, and Champ Construction Corp. et al., Respondents, et al., Defendants. [953 NYS2d 581]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered July 6, 2011, which denied defendant Michael Stern's motion for summary judgment dismissing the complaint as against him, and order, same court and Justice, entered November 10, 2011, which, to the extent appealable, denied his motion to renew, unanimously affirmed, without costs.

Defendant Stern's motion for summary judgment was properly denied, as he never moved to vacate a self-executing, conditional order, entered upon the parties' stipulation, which called for the striking of his answer in the event he failed to comply with specified discovery demands within 60 days (*see generally Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 80 [2010]; *AWL Indus., Inc. v QBE Ins. Corp.*, 65 AD3d 904 [1st Dept 2009]). We find no ambiguity in the self-executing language, which was similar to that utilized in *AWL Indus.* (65 AD3d at 905). Once Stern's answer was automatically stricken as a result of his default, he, upon failing to vacate such default, was deemed to " 'admit[ ] all traversable allegations in the complaint, including the basic allegation of liability,' but not damages" (*Cillo v Resjefal Corp.*, 13 AD3d 292, 294 [1st Dept 2004], quoting in part *Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730 [1984]).

The denial of renewal should be affirmed, as Stern's excuse of a family medical emergency in Israel was available to him at the time of his original motion, and he offered no viable reason why he failed to provide such information at the time of his original motion (*see e.g. Henry v Peguero*, 72 AD3d 600 [1st Dept 2010], *appeal dismissed* 15 NY3d 820 [2010]). Morever, the motion court properly exercised its discretion in rejecting the belated medical excuse as unsubstantiated (*see generally Kolbasiuk v Printers Bindary*, 93 AD2d 739 [1st Dept 1983]; *Aguilar v Djonvic*, 282 AD2d 366 [1st Dept 2001]). Even assuming, arguendo, the validity of the excuse, once the grounds for the excuse disappeared (i.e., his return from Israel) Stern still had sufficient time (nearly a month) to comply with the conditional order. Concur—Andrias, J.P., Saxe, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ.