■ Luis Casas, Respondent, v Consolidated Edison Company of New York, Inc., Appellant. [987 NYS2d 15]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered October 3, 2011, which, to the extent appealed from, upon the parties' motions and cross motions, declared that defendant's answer was stricken by operation of an October 2006 order and that trial of this action shall be limited to the issue of damages, unanimously affirmed, without costs.

The conditional preclusion order entered in Supreme Court on October 31, 2006 (the October 2006 order), which required defendant to produce certain discovery, or an affidavit explaining why it was unable to produce the discovery, within 30 days of entry of the order, was self-executing, and became absolute when defendant concededly failed to produce any supplemental responses or explanatory affidavit within the stated time frame (*see Ramos v Stern*, 100 AD3d 409, 409 [1st Dept 2012]; *AWL Indus., Inc. v QBE Ins. Corp.*, 65 AD3d 904, 905 [1st Dept 2009]). In order to be entitled to vacatur of the order, defendant was required to show a reasonable excuse for its failure to comply with the order and a meritorious defense to the action (*AWL Indus.*, 65 AD3d at 905). Defendant failed to meet this burden, as it has not explained why it was unable to produce the supplemental responses, which it tendered in February 2010, within 30 days of entry of the October 2006 order (*see Ramos*, 100 AD3d at 410). Under the circumstances, whether defendant's default was willful or contumacious is irrelevant (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 82 [2010]). We have considered defendant's remaining arguments relating to the striking of its answer and find them unavailing.

The Workers' Compensation Board (WCB) panel decision

dated August 28, 2009, which affirmed a WCB judge's decision finding that plaintiff had no accident-related disability subsequent to September 5, 2008, is not entitled to preclusive effect (*see Auqui v Seven Thirty One Ltd. Partnership*, 22 NY3d 246 [2013]).

The decision and order of this Court entered herein on April 9, 2013 (105 AD3d 471 [2014]) is hereby recalled and vacated (*see* 2014 NY Slip Op 70527[U] [2014] [decided simultaneously herewith]). Concur—Mazzarelli, J.P., Acosta, Renwick, Richter and Gische, JJ. **[Prior Case History: 2011 NY Slip Op 32558(U).]**