75-76 Third Avenue Assets I LLC, Petitioner-Landlord-Respondent, 
against
Jordan Greenberg, Respondent-Tenant-Appellant.




Tenant appeals from an order of the Civil Court of the City of New York, New York County (Daniele Chinea, J.), dated August 6, 2018, which granted landlord's motion for summary judgment of possession in a holdover proceeding.




Per Curiam.
Order (Daniele Chinea, J.), dated August 6, 2018, affirmed, with $10 costs.
By order dated August 22, 2017, Civil Court conditionally struck tenant's answer unless he produced certain documents that he previously stipulated to provide in this holdover proceeding based on nonprimary residence. This order was subsequently modified by an order dated December 4, 2017 so as to extend tenant's time to comply. The August 2017 conditional order, which followed a pattern of noncompliance with discovery on tenant's part, was self-executing and became absolute upon tenant's failure to comply with its terms within the extended time frame set forth in the December 2017 order (see Casas v Consolidated Edison Co. of NY, Inc., 116 AD3d 648 [2014]; Ortiz v 3115 Broadway Dev. Fund, 73 AD3d 540[2010]). In this context, where a conditional order had previously been entered based on the court's findings that a party had caused delay and failed to comply with the court's discovery orders, the court was not required to find that tenant's conduct in failing to comply with the conditional order was willful (see Keller v Merchant Capital Portfolios, LLC, 103 AD3d 532, 533 [2013]). 
Alternatively, tenant's failure to fully comply with documentary discovery, as directed in three prior orders over the course of eleven months, was willful and contumacious (see Menkes v Delikat, 148 AD3d 442 [2017]; Fish & Richardson, P.C. v Schindler, 75 AD3d 219, 220 [2010]). Once tenant's answer was automatically stricken as a result of his default, he, upon failing to vacate such default, was deemed to have admitted all traversable allegations in the petition (see Ramos v Stern, 100 AD3d 409 [2012]). In the circumstances, landlord's submission, including the affidavit of its agent, established its unrebutted prima facie case and the court properly awarded landlord summary judgment of possession (see CPS 227 LLC v Brody, 135 AD3d 607, 608 [2016]; AWL Indus., Inc. v QBE Ins. Corp., 65 AD3d 904, 906 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 27, 2019