Santos v Townsend Ave. Enters. Ltd. Partnership (2020 NY Slip Op 07148)





Santos v Townsend Ave. Enters. Ltd. Partnership


2020 NY Slip Op 07148


Decided on December 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 01, 2020

Before: Gische, J.P., Webber, Oing, Mendez, JJ. 


Index No. 301185/16 Appeal No. 12497 Case No. 2019-03326 

[*1]Luis Santos, Plaintiff-Appellant,
v
Townsend Avenue Enterprises Limited Partnership et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York (Jessica M. Erickson of counsel), for respondents.



Order, Supreme Court, Bronx Count (Alison Y. Tuitt, J.), entered on or about July 8, 2019, which, insofar as appealed from as limited by the briefs, granted defendants' cross motion for leave to amend their answer and to dismiss the complaint, unanimously affirmed, without costs.
In 2013, plaintiff commenced an action against Townsend Avenue Enterprises Limited Partnership, the Mount Hope Housing Company, Inc., Isaac Rawle, Brown Radiance, and Laura Rivera Brokerage (LRB) to recover damages for injuries he sustained on April 21, 2013 when he [*2]tripped and fell on the sidewalk adjacent to 1735 Townsend Avenue in the Bronx (2013 Action). LRB moved pursuant to CPLR 3126 to strike plaintiff's complaint for failure to appear for a deposition. The court granted the motion to the extent of ordering plaintiff to appear for deposition on or before a date certain or he would be precluded from testifying at trial. When plaintiff did not appear for the deposition, LRB again moved to strike the complaint. The motion court granted the unopposed motion and dismissed the complaint after determining that because plaintiff had failed to comply with its prior order, he was precluded from testifying at trial and would be unable to prove the allegations in his complaint.
On March 16, 2016, while the second motion to strike was pending in the 2013 Action, plaintiff commenced this action against the same defendants as in the 2013 Action with the exception of LRB and added two other defendants, Townsend Avenue Enterprise, Townsend Avenue Enterprises, to recover for the injuries he sustained in the aforementioned trip and fall. Plaintiff identified the two new defendants as owners or managers of the premises along with Townsend Avenue Enterprises Limited Partnership. Defendants moved to amend their answer to assert affirmative defenses of res judicata and collateral estoppel and to dismiss the complaint based on those defenses. The court granted the motion.
We decline to consider plaintiff's arguments that the court erred when it dismissed the 2013 Action. Plaintiff failed to raise these arguments in the 2013 Action by way of an appeal, a motion for leave to renew and reargue, or a motion to vacate his default in opposing LRB's motion to strike the complaint. Plaintiff also failed to raise these arguments to the motion court in this action.
Res judicata bars plaintiff from litigating this action (see generally Matter of Josey v Goord, 9 NY3d 386, 389-390[2007]; Rojas v Romanoff, 186 AD3d 103, 108 [1st Dept 2020]). The dismissal of the 2013 Action was on the merits (see Tejeda v 750 Grand Props. Corp., 272 AD2d 124, 125 [1st Dept 2000]; see also Strange v Montefiore Hosp. & Med. Ctr., 59 NY2d 737, 738-39 [1983]), and plaintiff cannot reasonably argue that the two new defendants in this action are not in privity with Townsend Avenue Enterprises Limited Partnership, a named defendant in the 2013 Action (see Rojas, 186 AD3d at 111-112).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2020