Citizen Watch Co. of Am., Inc. v Zapco 1500 Inv., L.P. (2023 NY Slip Op 02823)

Citizen Watch Co. of Am., Inc. v Zapco 1500 Inv., L.P.

2023 NY Slip Op 02823

Decided on May 25, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 25, 2023

Before: Kapnick, J.P., Friedman, Gesmer, Mendez, Pitt-Burke, JJ. 

Index No. 655565/20 Appeal No. 310-311 Case No. 2022-03189 2022-03537 

[*1]Citizen Watch Company of America, Inc., Plaintiff-Respondent,
v
Zapco 1500 Investment, L.P., Defendant-Appellant. 

Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for appellant.
Kane Kessler, P.C., New York (Arthur M. Rosenberg of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrea Masley, J), entered August 10, 2022, rescinding and terminating the lease between the parties, and bringing up for review an order, same court and Justice, entered on or about July 5, 2022, which, upon a finding that defendant had failed to comply with an interim order conditionally striking the answer, granted plaintiff's motion to strike defendant's answer, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The order striking the answer was entered after the court found that defendant failed to comply with the provisions of a conditional order striking the answer unless defendant complied with specified discovery demands within a specified time. The conditional order was issued following a prolonged period in which defendant provided partial but inadequate responses to outstanding discovery demands and orders, as well as a stipulation entered into between the parties. CPLR 3126 authorizes trial courts to craft self-executing orders that impose discovery sanctions on a party unless that party submits to the disclosure within a specified time (Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80 [2010]). Conditional orders become "absolute" upon failure to fully comply therewith (Casas v Consolidated Edison Co. of N.Y., Inc., 116 AD3d 648, 648 [1st Dept 2014]). Defendant's arguments that its noncompliance was not willful or contumacious is irrelevant because, where a litigant fails to comply with a conditional order "the court [is] not required to find that [its] failure to comply was willful" (Center Sheet Metal v Cannon Design, Inc., 185 AD3d 507, 507-508 [1st Dept 2020]; see Keller v Merchant Capital Portfolios, LLC, 103 AD3d 532, 533 [1st Dept 2013]). Defendant's explanations for its failure to comply with the order fell short of showing "a reasonable excuse for the failure to produce the requested items," including a proper Jackson affidavit (Jackson v City of New York, 185 AD2d 768, 770 [1st Dept 1992]), and it made no showing of a meritorious defense, and therefore was not relieved from the dictates of the conditional order (Gibbs, 16 NY3d at 80). Furthermore, because the court was explicit in the interim order as to what defendant was required to produce, and defendant had over a year to produce the requested documents before the conditional order was issued, there is no reasonable excuse for its failure to comply.
Defendant's argument that plaintiff's document demands were improper and should not have been enforced by the court is unavailing since it failed to timely object to the document demands and never sought a protective order pursuant to CPLR 3103 (see 3122 [a]; Anonymous v High School for Envtl. Studies, 32 AD3d 353, 358-359 [1st Dept 2006]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE [*2]DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2023