**Dozier v Grenaider Realty Corp.**

2025 NY Slip Op 30622(U)

February 24, 2025

Supreme Court, New York County

Docket Number: Index No. 152004/2022

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | HON. EMILY MORALES-MINERVA | PART 42M |
| | *Justice* | |

-----------------------------------------------------------------------X

ATIYA L. DOZIER,

                  Plaintiff,

         - v -

GRENAIDER REALTY CORPORATION, HP BAY 1
PRESERVATION HOUSING COMPANY, INC, BAY PARK
ONE -A LLC, BAY PARK ONE MM, LLC,

                  Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152004/2022 |
| MOTION DATE | 11/26/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31

were read on this motion to/for                 DISCOVERY          .

APPEARANCES:

    Sacco & Fillas LLP, New York, NY (Alexander T. Zhang, Esq., of counsel), for plaintiff.

    Quintairos, Prieto, Wood & Boyer, P.A., New York, NY (Tanya M. Branch, Esq., of counsel), for defendants.

EMILY MORALES-MINERVA, J.S.C.

    In this personal injury action, plaintiff ATIYA L. DOZIER moves, by notice of motion (sequence number 001), for (a) an order, pursuant to CPLR § 3124,[1] compelling defendants GRENAIDER REALTY CORPORATION, HP BAY 1 PRESERVATION HOUSING COMPANY, INC, BAY PARK ONE-A LLC, and BAY PARK ONE MM, LLC, to

---

[1] CPLR § 3124 provides, "If a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order under this article, except a notice to admit under section 3123, the party seeking disclosure may move to compel compliance or a response."

**152004/2022   DOZIER, ATIYA L. vs. GRENAIDER REALTY CORPORATION ET AL**      **Page 1 of 8**
**Motion No.  001 001**

1 of 8

[* 1]

respond to outstanding discovery demands, and for (b) an order, pursuant to CPLR § 2004,[2] extending the note of issue deadline.

For the reasons set forth below, the court grants the motion entirely.

## BACKGROUND

Plaintiff ATIYA L. DOZIER was injured when she fell on a staircase located at 2750 West 33rd Street Brooklyn, New York (premises) (see New York State Courts Electronic Filing System [NYSCEF] Doc. No. 001, Complaint). Defendants GRENAIDER REALTY CORPORATION, HP BAY 1 PRESERVATION HOUSING COMPANY, INC, BAY PARK ONE-A LLC, and BAY PARK ONE MM, LLC (defendants) own and maintain the premises (see id.).

On February 24, 2022, plaintiff commenced the instant action against defendants and on June 23, 2022, defendants answered (see NYSCEF Doc. No. 008, Answer). Plaintiff served discovery demands upon defendants on August 11, 2022 (see NYSCEF Doc. No. 25, Plaintiff's Combined Discovery Demands).

Thereafter, the court (L. Headley, J.S.C.) held a compliance conference and ordered "defendants to provide

---

[2] CPLR § 2004 provides, "Except where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed."

[* 2]

responses to plaintiff's combined demands dated 8/11/22 within 30 days; to the extent responded to, defendants to provide a courtesy copy of responses within 30 days" (NYSCEF Doc. No. 018, Compliance Conference Order, dated May 7, 2024 [L. Headley, J.S.C.]). The court set a note of issue filing deadline of October 16, 2024 (see id.).

Now, plaintiff moves (seq. no. 001) for an order, pursuant to CPLR § 3124, compelling defendants to respond to the combined discovery demands dated August 11, 2022, and for an order to extend note of issue, pursuant to CPLR § 2004, because discovery remains outstanding.

Defendants do not appear or otherwise oppose the motion.

ANALYSIS

CPLR § 3101 (a) generally governs disclosure, directing that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof" (emphasis added). The "'statute embodies the policy determination that liberal discovery encourages fair and effective resolution of disputes on the merits, minimizing the possibility for ambush and unfair surprise'" (Forman v Henkin, 30 NY3d 656, 661 [2018], quoting

152004/2022  DOZIER, ATIYA L. vs. GRENAIDER REALTY CORPORATION ET AL          Page 3 of 8
Motion No. 001 001

3 of 8

[* 3]

Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 376 [1991]).

Accordingly, our governing Court of Appeals has long "emphasized that '[t]he words, "material and necessary", are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for the trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Forman v Henkin, 30 NY3d 656, 661 [2018], quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406, [1968], citing Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 746 [2000]).

"If a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order [for discovery] the party seeking disclosure may move to compel compliance or a response" (CPLR § 3124). However, "no motion [relating to disclosure] shall be filed with the court unless [as here] there have been served and filed with the motion papers . . . an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion" (Uniform Civil Rules for the Supreme Court and County Court [22 NYCRR] § 202.7; see NYSCEF Doc. No. 20, Affirmation of Good Faith).

Where a failure or refusal to comply with an order to disclose exists, the "court may make such orders . . . as are

152004/2022  DOZIER, ATIYA L. vs. GRENAIDER REALTY CORPORATION ET AL            Page 4 of 8
Motion No.  001 001

4 of 8

just," including "striking out pleadings or parts thereof" (see CPLR § 3126 [3]; see also Rodriguez v United Bronx Parents, Inc., 70 AD3d 492, 492 [1st Dept 2010] [providing: "A court may strike an answer only when the moving party establishes 'a clear showing that the failure to comply is willful, contumacious or in bad faith'" and finding failure to be willful and contumacious where the defendant repeatedly and persistently failed to comply with disclosure orders]).

Further, "CPLR 3126 [governing penalties for noncompliance with an order of disclosure] authorizes trial courts to craft self-executing orders that impose discovery sanctions on a party unless that party submits to the disclosure within a specified time" (Citizen Watch Co. of Am., Inc. v. Zapco 1500 Inv., L.P., 216 AD3d 562, 562 [1st Dept 2023], citing Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80 [2010]). Such "[c]onditional orders become 'absolute' upon failure to fully comply therewith" (id., citing Casas v Consolidated Edison Co. of N.Y., Inc., 116 AD3d 648, 648 [1st Dept 2014] [emphasis added]).

Indeed, upon noncompliance with a conditional order, the trial "'court [is] not required to find that [the litigant's] failure to comply was willful'" and dismissal of an answer as set forth in the conditional order is automatic (Citizen Watch Co., 216 AD3d at 562, quoting Center Sheet Metal v Cannon Design, Inc., 185 AD3d 507, 508 [1st Dept 2020]).

Here, the court (L. Headley, J.S.C.) ordered defendants to provide responses to plaintiff's combined discovery demands by June 7, 2024 (see NYSCEF Doc. No. 018, Compliance Conference Order, dated May 7, 2024 [L. Headley, J.S.C.]). Defendants disregarded said order and now, eight months later, persist in such disregard (see NYSCEF Doc. No. 21, Affirmation in Support). Adding to the dereliction of their duty to comply with court-directed disclosure, defendants submit no opposition to the subject motion. They offer zero excuse for their noncompliance, appearing boldly unbothered.

Therefore, in accordance with discovery principles as set forth above, and absent defendants' opposition, the court grants plaintiff's motion to compel disclosure with a conditional preclusion order, requiring defendants -- within 30 days of this order -- to comply with plaintiff's discovery demands and/or to provide an affidavit explaining why it is unable to produce any part of such discovery. Upon failure, if any, to comply with this court's conditional order, defendants' answer shall be stricken.

The court also grants that part of plaintiff's motion seeking an order extending the date for the filing of the note of issue. CPLR § 2004 provides the court with discretion to "extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause

152004/2022  DOZIER, ATIYA L. vs. GRENAIDER REALTY CORPORATION ET AL
Motion No.  001 001

Page 6 of 8

6 of 8

[* 6]

shown, whether the application for extension is made before or after the expiration of the time fixed" (see Grant v City of New York, 17 AD3d 215, 217 [1st Dept 2005]; Rozefort v Bronx Lebanon Hosp. Ctr., 191 AD3d 586 [1st Dept 2021]).

Here, the record demonstrates good cause to extend the note of issue deadline as defendants have undisputedly failed to comply with court-directed discovery impeding plaintiff's readiness for trial (see generally Uniform Rules for the Supreme Court and the County Court [22 NYCRR] § 202.21 [governing notice of issue and certificate of readiness]).

Accordingly, it is

ORDERED that motion (sequence no. 001) of plaintiff ATIYA L. DOZIER is granted in its entirety; it is further

ORDERED that -- by March 28, 2025 -- defendants GRENAIDER REALTY CORPORATION, HP BAY 1 PRESERVATION HOUSING COMPANY, INC, BAY PARK ONE-A LLC, and BAY PARK ONE MM, LLC, shall produce all discovery as demanded in plaintiff's combined discovery demands and/or shall file with the court, upon notice to plaintiff, an affidavit explaining why they are unable to produce any and each part of such discovery; it is further

ORDERED that -- if defendants GRENAIDER REALTY CORPORATION, HP BAY 1 PRESERVATION HOUSING COMPANY, INC, BAY PARK ONE-A LLC, and BAY PARK ONE MM, LLC, fail to respond to the discovery demands by March 28, 2025 and/or fail to provide an affidavit

152004/2022   DOZIER, ATIYA L. vs. GRENAIDER REALTY CORPORATION ET AL                Page 7 of 8
Motion No.  001 001

7 of 8

[* 7]

explaining why they are unable to produce any and each part of discovery -- defendants' answer shall be stricken; and it is further

ORDERED that plaintiff shall file with the court an affidavit, upon notification to defendants, indicating whether defendants have produced discovery as set forth herein, on or before March 30, 2025.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

2/24/2025
DATE

EMILY MORALES-MINERVA, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

152004/2022  DOZIER, ATIYA L. vs. GRENAIDER REALTY CORPORATION ET AL
Motion No. 001 001

Page 8 of 8

[* 8]